<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **R.K.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**BARBARA E. BENDER, HUSAM NAJM, KAAN OZBAY, NENAD GUCUNSKI, GINA CULLARI, RICHARD BIRD, JEREMY J. KUKOR, ROBERT L. BARCHI, and THE BOARD OF GOVERNORS / THE TRUSTEES OF RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY,**<br><br>      **Defendants.** | **Civil Action No. 17-cv-1299 (ES) (JAD)**<br><br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S INFORMAL MOTION TO REMAND** |

<u>**JOSEPH A. DICKSON, U.S.M.J.**</u>

This matter comes before the Court upon Plaintiff's informal motion to remand this matter to the Superior Court of New Jersey, Essex County, pursuant to 28 U.S.C. § 1447(c). (ECF No. 10). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's motion be **DENIED**.

## I.    <u>RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff alleges that Defendants, the Board of Governors/Trustees of Rutgers University and several professors and administrators employed by that institution, engaged in multiple forms

of misconduct in connection with Plaintiff's pursuit of a doctoral degree at the University. (See generally Compl., Ex. A to Notice of Removal, ECF No. 1).

Plaintiff commenced this matter by filing a Complaint in the New Jersey Superior Court, Law Division, Essex County Vicinage, on or about January 23, 2017. (Notice of Removal ¶ 1, ECF No. 1). Defendants Bender, Gucunski, Cullari, Barchi and the Board of Governors / Trustees of Rutgers, the State University of New Jersey (collectively, the "Removing Defendants"), removed the case to the United States District Court on February 24, 2017, contending that the District Court could exercise "federal question" subject matter jurisdiction over the Tenth Count of Plaintiff's Complaint (alleging a claim under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fifth and Fourteenth Amendments to United States Constitution) and supplemental jurisdiction over the balance of Plaintiff's claims in accordance with 28 U.S.C. § 1367(a). (Id. ¶¶ 8-11). Each of the Removing Defendants joined in that removal. (Id. ¶ 5). On March 23, 2017, Plaintiff submitted an Opposition to Motion or Objection to Remand, arguing, in essence, that the Notice of Removal was procedurally defective and that it would be inappropriate for the District Court to exercise subject matter jurisdiction over any of Plaintiff's claims. (See generally Pl. Br., ECF No. 10). This Court advised the parties that, in light of Plaintiff's then-pro se status,[1] it would treat his submission as a motion to remand this matter. (March 27, 2017 Order, ECF No. 12). The Court also set a schedule for additional briefing on Plaintiff's application. (Id.). The Removing Defendants filed an opposition on April 13, 2017. (ECF No. 13). With the Court's leave, Plaintiff filed a reply submission on May 25, 2017. (ECF No. 25).[2]

---

[1] Plaintiff has since retained counsel. Attorney David J. Rubenstein, Esq. entered an appearance on Plaintiff's behalf on April 21, 2017. (ECF No. 14).
[2] In his reply, Plaintiff argues that the Court must remand the case because Defendants Najm, Ozbay, Bird and Kukor did not join in or consent to removal. (Pl. Reply. At 1-4, ECF No. 25).

By Letter Order dated May 4, 2017, this Court reviewed Plaintiff's motion to remand, and found that the District Court enjoyed "federal question" subject matter jurisdiction over Plaintiff's claim for relief under 42 U.S.C. § 1983. (May 4, 2017 Letter Order at 3, ECF No. 16). This Court also determined that "as each of Plaintiff's claims arise out of the same 'common nucleus of fact', it would be appropriate for the District Court to exercise supplemental jurisdiction over the balance of Plaintiff's claims in accordance with 28 U.S.C. § 1367(a)." (Id.) (internal citation omitted). Satisfied with the District Court's subject matter jurisdiction, and bearing in mind that Plaintiff's challenge to remand was a nonspecific, procedural one, this Court then analyzed the removal in light of the relevant procedural requirements. (Id. at 3-4). After finding that removal was timely under 28 U.S.C. § 1446(b)(1), and that the Removing Defendants provided the notice required under 28 U.S.C. § 1446(d), this Court observed that "[t]he sole procedural question that remains at issue . . . is whether all defendants who had been 'properly joined and served' at the time of removal either joined in or consented to that removal, as required under 28 U.S.C. § 1446(b)(2)." (Id. at 3). The Court noted that, "[o]ther than the Removing Defendants, each of whom clearly joined in and consented to removal . . . Plaintiff named four other defendants in his Complaint: Husm Najm, Kaan Ozbay, Richard Bird, and Jeremy J. Kukor." (Id. at 4) (internal citation omitted). As the record was unclear about whether Plaintiff had served those parties at the time of removal, the Court directed Defendants to obtain and submit for the Court's consideration "any documents filed in the New Jersey Superior Court that describe any purported service on Defendants Najm, Ozbay, Bird, and Kukor", along with an explanatory letter. (Id. at 4).

---

Plaintiff also argues that the District Court should decline to exercise subject matter jurisdiction over Plaintiff's Section 1983 claim because state issues predominate in this case. (Id. at 4-6).

On June 2, 2017, and in accordance with this Court's May 4, 2017 Letter Order, the Removing Defendants filed a letter enclosing the Affidavits of Service that Plaintiff filed in the New Jersey Superior Court with regard to Defendants Najm, Ozbay, Bird and Kukor. (Def. June 2, 2017 Letter, ECF No. 26). Plaintiff did not submit any response to the Removing Defendants' June 2, 2017 submission.

## II.    LEGAL DISCUSSION

As noted above, this Court has already determined that the District Court may exercise "federal question" subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 (and supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(a)), and that the Removing Defendants complied with the timing and notice requirements set forth in 28 U.S.C. § 1446. (See generally May 4, 2017 Letter Order, ECF No. 16). Plaintiff's sole, remaining procedural challenge requires the Court to determine whether all defendants "properly joined and served" at the time of removal either joined in or consented to that removal, as required under 28 U.S.C. 1446(b)(2). Additionally, though Plaintiff first raised the issue in his reply, the Court will consider Plaintiff's argument that the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(c). The Court will address each issue in turn.

### a.    The Removing Defendants Complied With 28 U.S.C. § 1446(b)(2)

28 U.S.C. § 1446(b)(2)(A) provides: "[w]hen a civil action is removed solely under [28 U.S.C. § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action." Courts typically refer to this requirement as the "rule of unanimity." See, e.g., Oa Rum Hong v. Egas, Civil Action No. 13-3330(WJM), 2013 WL 5567566, at *2 (D.N.J. Oct. 7, 2013) (citing Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)). As

this Court observed in its May 4, 2017 Letter Order, Defendants Najm, Ozbay, Bird and Kukor neither consented to nor joined in the Removing Defendants' removal. (May 4, 2017 Letter Order at 4, ECF No. 16). Plaintiff argues that this is an incurable procedural defect that necessitates remand. (Pl. Reply at 2-4, ECF No. 25). The Removing Defendants contend that, while Plaintiff provided Defendants Najm, Ozbay, Bird and Kukor with copies of the Summons and Complaint in this matter, Plaintiff failed to properly effectuate service upon any of those individuals prior to removal and, therefore, the Removing Defendants were not obligated to obtain such consent or joinder.

Under the plain language of 28 U.S.C. § 1446(b)(2)(A), only defendants who "have been properly joined and served" must consent to or join in a removal. Indeed, the United States Court of Appeals for the Third Circuit has acknowledged that the consent/joinder requirement is inapplicable where the missing defendants have "not been served at the time the removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); see County of Morris v. State Nat'l Ins. Co., No. 10-6616 (WJM), 2011 WL 2039057, *3-4 (D.N.J. Apr. 26, 2011) (where the plaintiff failed to effectively serve a particular defendant pursuant to New Jersey law prior to removal, removal was proper under 28 U.S.C. § 1446(a) without that defendant's joinder or consent). As this matter was pending in the New Jersey Superior Court prior to removal, the Court must examine the propriety of Plaintiff's attempted service on Defendants Najm, Ozbay, Bird and Kukor under New Jersey law. Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 560 (D.N.J. 2009) ("To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made."). New Jersey Rule of Court 4:4-4(a) provides that "[t]he primary method of obtaining

in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3", (emphasis removed), and specifies methods for serving various categories of individuals and entities. Rule 4:4-4(a)(1), which governs service regarding Defendants Najm, Ozbay, Bird and Kukor, states that a plaintiff may effectuate service "upon a competent individual of the age of 14 or over" by:

> delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf;

The affidavits of service that Plaintiff filed in the New Jersey Superior Court indicate that Plaintiff attempted to effectuate service on Defendants Bird, Ozbay and Kukor by leaving copies of the Summons and Complaint with colleagues at those individuals' respective places of employment. (See Declaration of John F. Finnegan, Exs. A, C and D, ECF No. 26-2). Nothing in the record suggests that Defendants Bird, Ozbay or Kukor had authorized those colleagues to accept service on their behalf. Plaintiff's attempted service on those defendants was therefore ineffective under New Jersey law. See Wohlegmuth v. 560 Ocean Club, 695 A.2d 345, 346 (N.J. Sup. Ct. App. Div. 1997) (leaving a copy of the summons and complaint with an employee at the defendant's place of business would not constitute sufficient service unless the business in question is the defendant's sole proprietorship, or the employee was authorized to accept service); Francis v. Joint Force Headquarters Nat. Guard, No. 05-4882 (JBS), 2008 WL 4560714 at *2 (D.N.J. Oct. 7, 2008) ("Mailing the summons and complaint to or leaving the summons and complaint at a defendant's place of business will not satisfy either Fed.R.Civ.P. 4(e)(1) or New Jersey Rule 4:4–4(a)."). Given that defective service, the Removing Defendants were not required to secure consent to or joinder in their removal from Defendants Bird, Ozbay or Kukor.

It appears that Plaintiff personally served Defendant Najm prior to removal. (See Declaration of John F. Finnegan, Ex. E, ECF No. 26-2).[3] The Removing Defendants argue that Plaintiff's service on Defendant Najm was nonetheless insufficient because "the summons served was unsigned and undated and neither the summons nor the complaint carried a docket number." (Def. June 2, 2017 Letter at 4, ECF No. 26). This Court agrees. New Jersey Court Rule 4:4-2 explicitly requires that a summons must be "signed in the name of the Superior Court Clerk." "The New Jersey Supreme Court has held that '[t]he requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with.'" Spellman v. Express Dynamics, LLC, No. 2:15-CV-03257 (WHW), 2015 WL 4569488, at *3 (D.N.J. July 28, 2015) (quoting Driscoll v. Burlington–Bristol Bridge Co., 8 N.J. 433, 493, 86 A.2d 201 (N.J. 1952) (brackets in original). "Although New Jersey courts have tolerated minor technical deficiencies in plaintiffs' compliance with service requirements they have strictly enforced the requirement that a defendant be served with a proper summons." Id. (internal citations omitted). To that end, both the United States District Court for the District of New Jersey and the New Jersey Superior Court, Appellate Division, have found that the delivery of a deficient summons is not adequate to establish personal jurisdiction under New Jersey law. Id.; Boone v. Ortiz, No. L-3617-06 2009 WL 365646 at *1 (N.J. Sup. Ct. App. Div. Jan 28, 2009) (finding that the trial court lacked personal jurisdiction over the defendant due to the plaintiff's service of a summons that lacked a signature and otherwise violated New Jersey Rule of Court 4:4-2). As noted above, only those Defendants who have been "properly joined and served" at the time of removal must join in or consent to that removal. It

---

[3] The process server's "Affidavit of Service" for Defendant Najm is not a model of clarity. While the Affidavit itself is dated "January 30, 2017", notations in the section titled "Service Data Recorded" reflect that service occurred on either January 31, 2017 or February 1, 2017. (Id.). Assuming that one of those dates reflects the correct date of service, such service occurred well before the Removing Defendants filed their Notice of Removal on February 24, 2017.

appears that Plaintiff has never effectuated proper service of process over Defendant Najm and, therefore, the Removing Defendants were under no obligation to obtain his consent to or joinder in their removal. Taken together with the findings set forth in this Court's May 4, 2017 Letter Order, this Court finds that the Removing Defendants complied with all applicable procedural requirements when removing this matter to the United States District Court.

b.    **The District Court Should Not Decline to Exercise Supplemental Jurisdiction**

28 U.S.C. § 1367(c) provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Plaintiff argues that, because "there is no doubt that the state law claims predominate this case, there is no basis for supplemental jurisdiction and this entire case should be remanded to state court." (Pl. Reply at 6, ECF No. 25). As an initial matter, even if the District Court did decline to exercise supplemental jurisdiction over Plaintiff's state law claims, the District Court would remain obligated to maintain jurisdiction over Plaintiff's federal claim. See, e.g., Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (noting "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"); see also Manos v. United Food & Commer. Workers Int'l Union, 9 F. Supp. 3d 473, 482-84 (D.N.J. 2014) (retaining jurisdiction over the plaintiff's federal statutory claim while remanding the plaintiff's non-preempted state law claims). Plaintiff has not cited any authority that suggests otherwise. Therefore, if the District Court determines that Plaintiff's argument under 28 U.S.C. § 1367(c) has merit, that would still not result in a remand of the entire case. In any event, Plaintiff's interpretation of that statute is incompatible with the governing case law

Plaintiff argues that state issues predominate here because "only 1/10 of the claims in this case involve a [f]ederal [q]uestion. The primary focus of this case is based on state law claims." As the United States Court of Appeals for the Third Circuit has noted, however, "[t]he 'substantially predominate' standard . . . is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts. An analysis more sensitive to the relevant interests is required." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995). Specifically, courts must examine if "'state claims substantially predominate whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought'" when determining whether dismissal or remand is appropriate under 28 U.S.C. 1367(c)(2). Manos 9 F. Supp. 3d at 482-83 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). In Manos, the District Court found that, while it had subject matter jurisdiction over the plaintiff's claim under the Employee Retirement Income Security Act of 1974, the plaintiff's state law-based claims involved different factual situations and "wholly different factual proofs" from the federal claim. (Id. at 483) ("This is not a case where the same acts allegedly violate parallel or related federal and state-law claims.") The Manos court found that, in light of those basic factual differences, an exercise of supplemental jurisdiction over the plaintiff's state law claims "would not promote judicial efficiency." Id. The District Court therefore retained the ERISA count, but remanded the plaintiff's state law claims, finding that it would not be appropriate to exercise supplemental jurisdiction over them "in light of 28 U.S.C. § 1367(c)(2)." Id.

Though Plaintiff here has not analyzed his claims under the relevant standard, it appears that each of his claims in this case are based on the same basic factual situation: Defendants' alleged conduct with regard to his matriculation as a Ph.D. student at Rutgers University. (See

generally Compl., Ex. A to Notice of Removal, ECF No. 1). Indeed, Plaintiff's claim under 42 U.S.C. § 1983 appears to be based on the very same alleged conduct underlying many of Plaintiff's state law claims (i.e., abusive behavior by certain faculty members, deprivation of certain process required under Rutgers University policies, etc.), and would, therefore, rely in large part on the same factual proofs. (See Compl., ¶¶ 159-173, ECF No. 1). Moreover, Plaintiff seeks the same remedies (compensatory and punitive damages) with regard to each of his claims. (Id. at 37-39). In light of the interrelated nature of Plaintiff's claims, and the applicable legal standard, the Court cannot find that Plaintiff's state law claims "predominate" such that it would be appropriate for the District Court to decline to exercise supplemental jurisdiction over them in accordance with 28 U.S.C. § 1367. This Court therefore respectfully recommends that the District Court not decline to exercise supplemental jurisdiction over Plaintiff's state law claims at this time.

## III.  CONCLUSION

Based upon the foregoing, this Court respectfully recommends that the District Court **DENY** Plaintiff's informal motion to remand this matter to the Superior Court of New Jersey, Essex County vicinage. (ECF No. 10).

JOSEPH A. DICKSON, U.S.M.J.

cc.    Honorable Esther Salas, U.S.D.J.