**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| R.K., | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 17-1299 (ES) (JAD) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| BARBARA E. BENDER, HUSAM NAJM, | : | |
| KAAN OZBAY, NENAD GUCUNSKI, | : | |
| GUNA CULLARI, RICHARD BIRD, | : | |
| JEREMY J. KUKOR, ROBERT L. | : | |
| BARCHI, and THE BOARD OF | : | |
| GOVERNORS/THE TRUSTEES OF | : | |
| RUTGERS, THE STATE UNIVERSITY | : | |
| OF NEW JERSEY, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

## I.    Introduction

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[1]  Plaintiff was a Ph.D. candidate at Rutgers University.  (D.E. No. 1, Ex. A ("Compl.") ¶ 13).  Plaintiff alleges (among other things) that Defendants wrongfully terminated his Ph.D. status and "fail[ed] to provide [him] the means to complete his Ph.D. study at Rutgers." (*Id.* ¶¶ 16, 46).

On February 24, 2017, Defendants removed this case from state court. (*See* D.E. No. 1). Shortly thereafter, Defendants moved to dismiss certain counts of Plaintiff's Complaint.  (D.E.

---

[1]    For a more thorough discussion of this case's factual and procedural background, see Magistrate Judge Dickson's Report & Recommendation on Plaintiff's Informal Motion to Remand.  (D.E. No. 27 at 1-4).

No. 6). Specifically, Defendants seek to dismiss (i) Plaintiff's state-law tort claims[2] under Federal Rule of Civil Procedure 12(b)(1) for failure to comply with the notice provisions of the New Jersey Tort Claims Act ("NJ TCA"); and (ii) Plaintiff's anti-bullying claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See generally* D.E. No. 6-1 ("Def. Mov. Br.")). Plaintiff opposed Defendant's motion (D.E. No. 23 ("Pl. Opp. Br.")), and Defendants replied (D.E. No. 24 ("Def. Reply Br.")). For the following reasons, Defendants' motion is GRANTED.

## II.     Discussion

### A. NJ TCA

The NJ TCA sets forth the procedures that a claimant must follow before bringing a tort claim against a public entity or public employee of New Jersey. *See* N.J.S.A. § 59:8-3 ("No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."). Where a claimant seeks to bring a tort claim against a public entity or public employee, the claimant must file a notice of claim with that entity or employee within 90 days of accrual of the claim.[3] N.J.S.A. § 59:8-8. This notice requirement "applies to claims based on negligence as well as intentional torts." *Canales v. Twp. of Toms River*, No. 11-3159, 2014 WL 683991, at *34 (D.N.J. Feb. 20, 2014) (citing *Velez v. City of Jersey City*, 180 N.J. 284, 294-95 (2004)).

---

[2]     Plaintiff's state-law tort claims are his Third Count (Interference with Contract); Fourth Count (Fraud); Fifth Count (Intentional Misrepresentation); Sixth Count (Negligence); and Eighth Count (Tortious Interference with Economic Advantage).

[3]     The statute provides an exception to the 90-day notice period: "A claimant who fails to file notice of claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby." N.J.S.A. § 59:8-9. To do so, the claimant must make a showing of "extraordinary circumstances" for failing to file the notice of claim. *Id.* Plaintiff does not rely on this exception, and the Court finds it inapplicable in view of Plaintiff's allegations.

The filing of a timely notice of claim as a precondition to filing a lawsuit is a jurisdictional requirement. *Id.* (citation omitted); *see also Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 549 (D.N.J. 2013) ("Absent a proper notice of claim or a claim filed with leave from the Court within a year as provided, the Court lacks jurisdiction to allow Plaintiffs to proceed on the negligence claims."). Indeed, a claimant's failure to comply with the NJ TCA's notice-of-claim provisions "is an absolute bar to recovery." *Martin*, 965 F. Supp. 2d at 549.

Defendants seek dismissal of Plaintiff's state-law tort claims on the ground that Plaintiff failed to allege compliance with the notice provisions of the NJ TCA. Defendants argue that "[n]owhere in the Complaint does Plaintiff allege that he ever gave notice to any defendant of any claims under the NJTCA." (Def. Mov. Br. at 3). Furthermore, Defendants contend that Plaintiff cannot rectify this deficiency because his claims accrued "either on August 20, 2014, when Plaintiff allegedly discovered that his records had been changed from [a] Ph.D. degree to an M.S. terminal degree . . . or at the latest in July 2015, when Dean Bender allegedly 'interfered' with Plaintiff's transfer to the MAE program." (*Id.* at 5) (citation omitted).

Plaintiff counters that he submitted his notice of claim to Rutgers University on March 18, 2017. (Pl. Opp. Br. at 4). Such notice was timely, Plaintiff argues, because "Defendants' conduct did not result in damages to the Plaintiff until January 2017," i.e., "the time that Plaintiff would have graduated the PhD [sic] program at Rutgers and commenced work as a professor earning a greater salary than his current employment." (*Id.* at 4-5).[4] For the following reasons, the Court disagrees.

---

[4] Plaintiff also argues that Defendants moved under the wrong Federal Rule of Civil Procedure, so their motion should be denied. (*Id.* at 2-4). This argument is without merit and the Court declines to address it. *See Melber v. United States*, 527 F. App'x 183, 185 (3d Cir. 2013) (affirming district court's dismissal under Rule 12(b)(1) where plaintiff failed to file notice of claim pursuant to the NJ TCA).

As an initial matter, Plaintiff's Complaint does not allege compliance with the NJ TCA. And Plaintiff's statements in his opposition brief do not remedy this omission, as a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). For this reason alone, Defendants' motion to dismiss the state-law tort claims must be granted. But even if Plaintiff were to amend his Complaint, the Court would still lack jurisdiction because Plaintiff's state-law tort claims accrued more than 90 days prior to March 18, 2017. In other words, amendment would be futile.

"As established by New Jersey case law, the date of accrual of a claim in cases of tortious conduct generally shall be the date on which the negligent action or omission occurred." *Tripo v. Robert Wood Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 628 (D.N.J. 2012). "The only exceptions to this notion of accrual is a situation where the victim is either not aware of the injury or, regardless of awareness of the injury, does not know that some third party is responsible for the injury." *Id.*

Plaintiff's Complaint is replete with allegations of Defendants' tortious conduct; however, none of Defendants' alleged acts appear to fall within 90 days of Plaintiff's alleged March 18, 2017 notice date. The following are some examples of Plaintiff's allegations (with emphasis added):

- "After Plaintiff graduated from Rutgers with an M.S. degree in May 2014, Plaintiff discovered around **August 20, 2014** that Defendants intentionally and knowingly changed his status from Ph.D. status to M.S. terminal degree status by fraudulent acts of Defendants." (Compl. ¶ 31).

- "During the period of completion of the Ph.D. program, and after completion of his M.S. degree in the transportation engineering field, and for a reasonable period prior to **August 20, 2014 until April 20, 2015**, Rutgers intentionally, knowingly, and falsely represented to Plaintiff there was no obstacle to his completion of his Ph.D. program to which he was admitted." (*Id.* ¶ 103).

- "Defendant Bender on **4/20/2014** made a misrepresentation to Plaintiff that: '. . . As a result of your academic progress you are granted a Terminal master's degree

. . . You completed his studies and received a terminal master's degree. You have completed your work as a graduate student and you are no longer eligible enroll . . . .'" (*Id.* ¶ 123).

- "Plaintiff's Ph.D. status at the University was then wrongfully terminated as of **April 20, 2015** by the wrongful acts of the Defendants." (*Id.* ¶ 46).

- "Plaintiff enrolled as a Ph.D. candidate as of January 16, 2009, and continuously registered every semester through the date that his registration was blocked by Defendant Bender, on or about **April 20, 2015** at 1:40 PM. Because Defendant Bender terminated Plaintiff from Rutgers on or about **April 20, 2015**, the Plaintiff was not able to register for classes for Fall 2015 from thereafter until the present." (*Id.* ¶ 18).

- "Defendant Bender once again interfered with Plaintiff's transfer to the MAE, by communicating with Jerry Shan, the new Graduate Director, as evidenced by his email dated **Friday, July 31, 2015 at 2:50 PM** . . . ." (*Id.* ¶ 22).

Accordingly, Plaintiff's state-law tort claims accrued well prior to March 18, 2017. And because amendment would be futile, the Court will dismiss Plaintiff's state-law tort claims *with prejudice*.

### B. New Jersey's Anti-Bullying Laws

Plaintiff's Seventh Count alleges that Defendants violated "New Jersey's Anti Bullying Laws." (*Id.* ¶¶ 138-142). Plaintiff does not cite a particular statute, but the Court will presume Plaintiff's Complaint refers to N.J.S.A. § 18A:37-13 *et seq.*, also known as the "Anti-Bullying Bill of Rights Act." *See* N.J.S.A. § 18A:37-13.2.

Defendants move to dismiss this count under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Def. Mov. Br. at 8). Specifically, Defendants argue that New Jersey's anti-bullying laws do not create a private cause of action. (*Id.*). Defendants provide ample support for this proposition. (*See id.*) (citing N.J.S.A. § 18A:37-18 ("This act does not create or alter any tort liability."); *Dunkley v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, No. 14-7232, 2016 WL 6134518, at *8 (D.N.J. Oct. 20, 2016) (holding that the New Jersey Anti-Bullying Bill of Rights Act "cannot support an independent cause of action"); *K.J. v.*

*Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. 14-145, 2015 WL 5039460, at \*14 (D.N.J. Aug. 26, 2015) ("[T]he [New Jersey Anti-Bullying Bill of Rights Act] plainly states that it creates no tort liability.")). The Court agrees and will dismiss Plaintiff's Seventh Count *with prejudice*.

To be sure, Plaintiff's opposition brief is entirely silent in response to Defendant's arguments for dismissing the Seventh Count. Moreover, Plaintiff's certification states: "I recognize that I may not have pled [the Seventh Count] properly because I filed my Complaint as a Pro Se [sic]." (D.E. No. 23-1 at 3). Consequently, the Court will dismiss Plaintiff's Seventh Count for the additional reason that Plaintiff has abandoned this claim. *See Conroy v. Leone*, 316 F. App'x 140, 144 n.5 (3d Cir. 2009) ("We find this undeveloped argument has been waived"); *Lawlor v. ESPN Scouts, LLC*, No. 10-5886, 2011 WL 675215, at \*2 (D.N.J. Feb, 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.").

## III.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Court will dismiss *with prejudice* the Third through Eighth Counts of Plaintiff's Complaint. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**